UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00419-MOC

| | | |
|---|---|---|
| **RASHOD SENTELLE ROBINSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on the respondent's Motion to Dismiss, which is contained in its Response (#3) to the petition. After conducting an initial screening of the petition, the respondent was directed to file a Response. Order (#2). After conducting a preliminary review of the Response, including the Motion to Dismiss, the court entered an Order (#4) allowing petitioner an opportunity to file a written Reply to such motion. Such Reply was due to be filed not later than December 24, 2015; however, neither a Reply nor a request to enlarge such period has been filed. The respondent's Motion to Dismiss is, therefore, for ripe for consideration.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

Petitioner was indicted for transporting and aiding and abetting the transportation of child pornography in violation of 18 U.S.C. §§ 2 and 2252(a)(1). Prior to trial, petitioner stipulated that the images were "visual depiction[s] of [minors] engaging in sexually explicit conduct" and "such visual depiction[s are] of such conduct." Def. Stip., Doc. No. 22.1 As part of such stipulation, petitioner acknowledged that the government was required to prove this element beyond a reasonable doubt, but that he was "knowingly and voluntarily" stipulating to this element. Id.

1

Based on this stipulation, petitioner filed a motion in limine seeking to prevent publication to the jury of any depictions entered into evidence that were proffered to be minors engaging in sexually explicit conduct. See United States v. Petitioner, 3:10cr226 (W.D.N.C.) (hereinafter "Petitioner") Transcript (#25), at pp. 2-3. The court denied the motion. Id., at pp. 20-21.

After this denial, the court *voir dired* petitioner regarding the stipulation. Petitioner reaffirmed the stipulation, stating that it was his decision to enter into it and that he had not been threatened, intimidated, or forced into making it. Id., at pp. 39-43. The court found that the stipulation was knowingly and voluntarily made. Id., at p. 42. The court indicated that, in light of the stipulation, it might limit how much of this material was published to the jury, id., at 43, which the court in fact did during the trial. After a three-day trial, the jury found petitioner guilty. - Petitioner, Verdict (#36).

As to sentencing, a PSR was prepared recommending a base offense level of 22 and a total offense level of 39, including a two-level enhancement for obstruction of justice. Petitioner, Final PSR (#60), at ¶¶ 21-34. Given petitioner's criminal history category of I, the applicable guidelines range was 262-327 months of imprisonment, but because the statutory maximum was 240 months, this became the guidelines range. Id., at ¶¶ 61-62. Through counsel, petitioner objected to the enhancement for obstruction of justice. Id., at pp. 16-18. While overruling petitioner's objections at sentencing, this court varied downward by four levels, resulting in a sentencing range of 168 – 210 months of imprisonment. This court sentenced petitioner to 180 months imprisonment. Petitioner, Judgment (#73).

Petitioner, proceeding *pro se*, filed an untimely appeal, Robinson, Notice of Appeal (#80), which was dismissed by the Court of Appeals for the Fourth Circuit. Robinson, USCA Order (#85). He then filed a § 2255 motion, arguing, in part, that he had received ineffective assistance due to

his counsel's failure to file a timely notice of appeal. Robinson, Motion to Vacate (#88). In an abundance of caution, this court granted the motion in part, by entering an amended judgment so that petitioner could file a timely appeal, and dismissed his remaining claims without prejudice. Robinson, Order (#80) and Amended Judgment (#81).

Petitioner then filed a timely direct appeal, Robinson, Notice of Appeal (#91), arguing that evidence that had not been charged in the indictment was admitted and that evidence had been admitted in violation of the Confrontation Clause. The Court of Appeals for the Fourth Circuit determined that there was no error and affirmed his conviction. United States v. Robinson, 583 F. App'x 86 (4th Cir. 2014).

Within one year of the Judgment becoming final, petitioner filed the present § 2255 motion. Robinson, Motion to Vacate (#98). A civil action was commenced, and the court conducted an initial screening and directed the respondent to answer the petition, in particular the following claims:

> I. That the Judgment should be vacated due to ineffective assistance of trial counsel, all in violation of his Sixth Amendment right to counsel.
>
> II. That the Judgment should be vacated due to ineffective assistance of appellate counsel, all in violation of his Sixth Amendment right to counsel.

As discussed above, the respondent answered the petition and moved to dismiss the claims. Response (#3). Petitioner was afforded an opportunity to file a Reply, but did not do so within the time allowed or within a reasonable time thereafter taking into account the prisoner mailing system.

**II.     Discussion**

In each claim, petitioner contends that he received ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's

performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984).

In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697.

In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

### A. Effectiveness of Trial Counsel

In this case, petitioner's case was in no manner prejudiced by his trial counsel. The court recalls well the efforts of petitioner's trial attorney, who provided petitioner with representation meeting the highest expectations of this court. Indeed, the court recalls clearly Mr. Winiker's

skillful defense and his mastery of the information technology necessary to defend a child pornography case involving use of the internet. Further, the court recalls the careful inquiries and *voir dire* of plaintiff at trial to ensure that he had in fact agreed to certain key elements of his defense.

Petitioner contends that he was afforded ineffective assistance by Mr. Winiker misleading, coercing, and convincing him to sign a stipulation to an element of the offense, rather than submitting it to the jury. Motion to Vacate (#1), at p. 4. He asserts that he agreed to the stipulation because counsel convinced him that, given the stipulation, the government would not show any of the images in question to the jury in open court and that it would make a finding of guilt less likely. Id., at pp. 4-5. This contention is not only meritless, it is belayed by the trial record. This court made specific inquiry of petitioner concerning such stipulation and specifically advised him that even with such stipulation the court would permit the government to show some of the exhibits to the jury. Robinson, Transcript, at 20-21. After such warning, the court then inquired whether petitioner desire to enter into the stipulation was knowing and voluntary. Id., at pp. 41-42. Thus, petitioner's contention that he was coerced into signing the stipulation is without any merit. Finally, the court notes that the decision to enter into the stipulation was an effective trial strategy as it caused this court to severely limit the government in its presentation of images to the jury. Petitioner has, therefore, failed to show that counsel's performance was in any manner deficient.

Petitioner has also failed to allege or point to any evidence of actual prejudice. Indeed, had petitioner not stipulated to the images, the court would not have curtailed the government's presentation of its evidence as it later did and the government would have been at liberty to play for the jurors (and ultimately this *sentencing* court) any number of disturbing videos petitioner had exchanged online. Indeed, had petitioner not so stipulated, the outcome would have been no

5

different as the government would have easily proved that the images were indeed of child pornography. Not only was there no prejudice, the fact that petitioner stipulated to such element likely resulted in a lesser sentence inasmuch as this court -- which only had to view a limited subset of images during trial -- varied downward. Accordingly, there was no prejudice from petitioner's stipulation to a fact proven at trial. Moss v. United States, 2013 WL 1758749 (W.D.N.C. 2013) (unpublished) (holding failure to assert prejudice with respect to alleged ineffective assistance in entering into stipulation was fatal to claim); McDaniel v. United States, 2011 WL 940505 (W.D.N.C. 2011) (unpublished) (holding petitioner could not establish prejudice with respect to stipulations where he did not challenge the veracity of the stipulations).

Having shown neither deficient performance nor prejudice, petitioner's claim of ineffective assistance of trial counsel will be dismissed. Strickland, 466 U.S. at 687-88, 694.

### B. Effectiveness of Appellate Counsel

Where a petitioner claims that appellate counsel was ineffective for failure to raise claims, such conduct rises to constitutionally defective performance only the allegedly "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result

of the proceeding would have been different, *i.e.*, he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86. Here, petitioner's overriding contention is merely conclusory as he asserts that appellate counsel provided ineffective assistance because he "was not fully versed in petitioner's case." Motion to Vacate (#1) at p. 11. Conclusory allegations cannot support a claim for relief under § 2255. United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations), *cert. denied*, 135 S. Ct. 47 (2014).

His more specific contentions -- that appellate counsel should have raised ineffective assistance of trial counsel based on a conflict of interest because he was then seating a state judicial seat and because he was friends with the FBI -- are wholly without merit as such an issue is only appropriate on direct review when the trial record conclusively shows that defendant received ineffective assistance, United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994), and as herein discussed, the trial record is inapposite to any such claims. Those issues are by no means stronger than the issues actually raised by petitioner's appellate counsel on direct review, which included claims that this court: (1) committed plain error in allowing Kris Kim to introduce a document which was prepared for trial by someone else; and (2) erred in admitting evidence of his possession of images of child pornography that were not identified in the indictment. See United States v. Robinson, supra.

Finally, there is no probability that petitioner would have succeeded on these specific ineffective assistance claims had they been raised on appeal. Petitioner has failed to show this court in any manner how Mr. Winiker's seeking a judicial seat adversely affected his performance, which would require showing that counsel failed to pursue an objectively reasonable alternative strategy to further not his client's interests, but his own interests. Equally, petitioner has failed to

7

make any showing as to how Mr. Winiker's alleged friendship with a local FBI agent harmed his defense. Petitioner should understand that in the practice of law, defense attorneys can and frequently do become friends with agents and seek public office. This does not mean that they forego their professional responsibilities.

Here, the trial record which petitioner's appellate counsel undoubtedly reviewed would have revealed no basis for raising a claim of ineffective assistance of trial counsel. Thus, appellate counsel's focus on possible trial errors of this court was both strategic and wise, inasmuch the issues raised, if successful, could have resulted in a new trial, while the ineffective assistance issue would have made almost no headway on appeal as a matter of law.

In sum, there is no evidence that seeking a judicial seat or being friends with an FBI agent created a divergence of interest between trial counsel and petitioner with respect to any course of action in the case. Hutchings v. United States, 2008 WL 4104361 (C.D. Ill. 2008) (unpublished) (holding petitioner failed to demonstrate a conflict of interest where his counsel ran for a circuit judge seat). Because he cannot show that trial counsel provided ineffective assistance based on a conflict of interest, petitioner's claim that his appellate counsel provided ineffective assistance by not raising this issue on direct appeal also fails. Robbins, 528 U.S. at 285-86, 288.

**ORDER**

**IT IS, THEREFORE, ORDERED** that respondent's Motion to Dismiss (#3) is **GRANTED**, and petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED WITH PREJUDICE.**

**Denial of Certificate**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 8, 2016

Max O. Cogburn Jr
United States District Judge